# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-KA-00273-SCT

*KEITH MONTRAGO JACKSON a/k/a KEITH JACKSON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/13/2023 |
| TRIAL JUDGE: | HON. DEWEY KEY ARTHUR |
| TRIAL COURT ATTORNEYS: | CODY WILLIAM GIBSON |
| | LISA MISHUNE ROSS |
| | KATIE NICOLE MOULDS |
| | JOHN K. BRAMLETT, JR. |
| | BRAD MARSHALL HUTTO |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| |    W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALLISON HORNE |
| DISTRICT ATTORNEY: | JOHN K. BRAMLETT, JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 03/14/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE RANDOLPH, C.J., ISHEE AND GRIFFIS, JJ.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1. Keith Montrago Jackson was convicted of sexual battery and sentenced to life imprisonment in the custody of the Mississippi Department of Corrections. Jackson appealed, and his appellate counsel filed a brief pursuant to ***Lindsey v. State***, 939 So. 2d 743 (Miss. 2005). In the brief, Jackson's counsel asserts he searched the record but was unable to find any arguable issues for appellate review. Jackson was given the opportunity to file

a pro se brief, but he declined.

¶2.    We have reviewed the record and find no error.  Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3.    Around midnight on August 23, 2021, twelve-year-old Anna[1] drove to the store with her mother's live-in boyfriend, forty-five-year-old Jackson,[2] in Jackson's truck.  After they returned home from the store, while Anna and Jackson were still in the truck, Jackson started talking to Anna about sex.  Jackson used his hand to touch Anna's chest and vaginal area over her clothes.  Jackson then moved Anna's pants aside and asked her to put his penis[3] inside her vagina.  When Anna said no, Jackson put his penis inside her vagina.  Afterwards, Jackson told Anna not to tell anyone about what had happened.

¶4.    That night, Anna told her mother and sister about what had happened.  Neither Anna's mother nor her sister called the police, but Anna's mother did "kick [Jackson] out of the house[.]"  Anna went to school that morning and told "her favorite teacher" about what had happened.  The teacher advised Anna to tell the principal.  Anna told the principal, and law enforcement was contacted.

---

[1] For privacy purposes, a fictitious name is used for the minor victim.  Anna testified that her birthday is September 27, 2008.

[2] According to his driver's license, which was admitted into evidence by the State with no objection from the defense, Jackson's date of birth is August 11, 1976. Jackson also testified that his date of birth is August 11, 1976.

[3] At trial, Anna referred to Jackson's penis as his "downstairs area."  She confirmed that his "downstairs area" was his penis.

¶5.     Jackson was arrested for sexual battery. He was later indicted and charged as follows:

> On or about the 23rd day of August, 2021, in [Madison] county . . . and within the jurisdiction of this Court, [Jackson], a male human being above the age of eighteen (18) years, whose date of birth is August 11, 1976, did unlawfully, willfully, and feloniously engage in sexual penetration with [Anna], a female child under the age of 14 years, whose date of birth is September 27, 2008, while [Jackson] was at least 24 months older than the said [Anna], in violation of Miss. Code Ann. § 97-3-95(1)(d), and being against the peace and dignity of the State of Mississippi.

¶6.     At trial, Anna testified about the incident and identified Jackson as the individual who put his penis inside her vagina.

¶7.     Sergeant Lincoln Powell with the Canton Police Department also testified. Sergeant Powell explained that on August 23, 2021, he received a phone call from the Canton Public School District's chief of security regarding a child's report of sexual assault. When Sergeant Powell arrived at the school, he was taken to the principal's office, where he noticed Anna was visibly upset. Sergeant Powell contacted Anna's mother as well as the Department of Child Protection Services. An ambulance was also called. Anna was transported to the University of Mississippi Medical Center, where she underwent a sexual assault examination.[4]

¶8.     The sexual assault examination included both vaginal and cervical swabs. The vaginal and cervical swabs were sent to the Mississippi Forensics Laboratory for testing. A buccal swab was obtained from Jackson, and it was also sent to the crime lab for testing.

---

[4] The examination was conducted on the afternoon of August 23, 2021.

3

¶9. Amy Malone, a forensic scientist with the Mississippi Forensics Laboratory and an expert in forensic sciences specializing in serology, testified that Anna's vaginal and cervical swabs tested positive for sperm cells. Hannah Mitchell, a forensic scientist with the Mississippi Forensics Laboratory and an expert in forensic sciences specializing in DNA analysis, compared Anna's vaginal and cervical swabs with Jackson's buccal swab and testified that "the sperm cells were consistent with" Jackson. When asked if there was any possibility that it could be a relative of Jackson's, Mitchell responded, "[t]he only sort of stipulation to our testing is if . . . Jackson has an identical twin. They would have the exact same DNA profile. So unless he has an identical twin, then there is not a possibility of this profile originating from a relative."

¶10. Jackson testified at trial in his own defense. Jackson explained that he and Anna's mother had dated for nine years and that he had lived with Anna's mother in her home during that time. When asked to explain what happened the night of August 23, Jackson testified that he had gone to the racetrack and had returned home around 10:00-10:30 p.m. with food. He realized they did not have any drinks in the refrigerator, so he and Anna went to the store. According to Jackson, when they returned from the store, Anna went inside the house, and he stayed in the garage and watched television until he had to go to work. Jackson denied the allegations.

¶11. On cross-examination, Jackson confirmed that his date of birth is August 11, 1976, and that Anna was twelve years old on August 23, 2021. He further confirmed that he does

not have an identical twin.

¶12.    Jackson was convicted of sexual battery and sentenced to life imprisonment. Jackson filed a motion for a new trial or, in the alternative, a motion for a judgment notwithstanding the verdict, which the trial court denied.  Jackson timely appealed.

¶13.    On appeal, Jackson's appellate counsel filed a *Lindsey* brief and asserted no arguable issues existed for appellate review.

## DISCUSSION

¶14.    In *Lindsey*, this Court implemented the following procedure for cases in which appellate counsel does not believe any arguable issues exist for appellate review:

> (1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)].
>
> (2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.
>
> (3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.
>
> (4) Should the defendant then raise any arguable issues or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

5

(5) Once briefing is complete, the appellate court must consider the case on the merits and render a decision.

*Lindsey*, 939 So. 2d at 748 (citations omitted).

¶15. Here, Jackson's appellate counsel complied with *Lindsey*'s requirements. Counsel filed a brief in compliance with Rule 28 and stated he had "diligently searched the procedural and factual history of this criminal action and scoured the record searching for any arguable issues which could be presented to the Court on . . . Jackson's behalf in good faith for appellate review" but had "found none." His review included: (a) the reason for Jackson's arrest and the circumstances surrounding the arrest; (b) any possible violation of Jackson's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions, including the right to an instruction on Jackson's theory of the case and lesser-included-offense instructions; (g) all exhibits, whether admitted into evidence or not; (h) possible misapplication of the law in sentencing; (i) the indictment and all pleadings in the record; (j) any possible ineffective-assistance-of-counsel issues; (k) any speedy trial issues; (l) any Fourteenth Amendment due process issues; (m) evidence of other bad acts; (n) hearsay testimony; and (o) any other possible reviewable issues. Counsel concluded there were no arguable issues that he could, in good faith, present to this Court for appellate review.

¶16. Jackson's appellate counsel sent a copy of the brief to Jackson and informed Jackson that although he found no arguable issues in the record, Jackson had the right to file a pro se brief. By order entered October 4, 2023, this Court directed the Clerk of this Court to send

6

a copy of the appellate record to Jackson, and it granted Jackson forty days from the date of the order to file a pro se appellant's brief if he so desired. Jackson did not file a pro se brief.

¶17. The Court has independently reviewed the record and finds no arguable issues that require supplemental briefing or further review. Accordingly, the trial court's judgment is affirmed.

¶18. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**